IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

|  |  |
|---|---|
| JOSE SANCHEZ GUEVARA<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Montgomery County)<br><br>      Plaintiff,<br><br>v.<br><br>GOOD FORTUNE ROCKVILLE, INC.<br>d/b/a SICHUAN JIN RIVER<br>410 Hungerford Drive<br>Rockville, MD 20850<br>(Montgomery County)<br><br>PAIFA FAN<br>a/k/a KEVIN FAN<br>12 Glazebrook Court<br>Gaithersburg, MD 20878<br>(Montgomery County)<br><br>      Defendants. | Civil Action No. _____ |

# COMPLAINT

1. While Plaintiff worked in Defendants' Chinese restaurant six days a week, Defendants paid Plaintiff a flat semimonthly salary that denied him minimum and overtime wages.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

**Parties**

5. Plaintiff Jose Sanchez Guevara is an adult resident of Montgomery County, Maryland.

6. Defendant Good Fortune Rockville, Inc. is a Maryland corporate entity. It does business as Sichuan Jin River. Its principal place of business is located at 410 Hungerford Drive, Rockville, MD 20850. Its resident agent for service of process is Paifa Fan, 12 Glazebrook Court, Gaithersburg, MD 20878.

7. Defendant Paifa Fan is an adult resident of Maryland. He is also known as Kevin Fan. He resides at 12 Glazebrook Court, Gaithersburg, MD 20878. He is an owner and officer of Defendant Good Fortune Rockville, Inc. He exercises exclusive control over the operations of Good Fortune Rockville, Inc. — including its pay practices.

**Factual Allegations**

8. Defendants own and operate the restaurant Sichuan Jin River, located at 410 Hungerford Drive, Rockville, MD 20850.

9. Plaintiff worked at Sichuan Jin River from approximately May 7, 2019 through approximately March 2, 2020.

10. Plaintiff worked at Sichuan Jin River as a kitchen laborer.

11. Plaintiff's job duties at Sichuan Jin River primarily consisted of washing and cutting vegetables and meats, preparing food, and cleaning the kitchen.

12. Plaintiff typically and customarily worked six days per week.

13. Plaintiff typically and customarily worked sixty-one hours per week.

14. At all relevant times, Defendants paid Plaintiff a semimonthly salary.

15. Defendants paid Plaintiff a semimonthly salary of $1,000.00.

16. Defendants paid Plaintiff an effective hourly rate of $7.57 per hour.

17. At all relevant times, Defendants paid Plaintiff in cash.

18. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

19. At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

20. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

21. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable Montgomery County minimum wage.

22. Defendants owe Plaintiff approximately $18,300.75 in minimum and overtime wages (excluding liquidated damages).

23. Defendant Fan participated in the decision to hire Plaintiff.

24. Defendant Fan participated in the decision to set Plaintiff's work schedule.

25. Defendant Fan participated in the decision to pay Plaintiff a semimonthly salary.

26. Defendant Fan participated in the decision to set Plaintiff's rate of pay.

27. Defendant Fan typically and customarily handed Plaintiff his cash payments.

28. Defendant Fan participated in the decision to fire Plaintiff.

29. At all relevant times, Defendants had the power to hire and fire Plaintiff.

30. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

31. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

32. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

33. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

34. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

35. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

36. For businesses with fewer than fifty employees, the Montgomery County minimum wage was $12.00 from July 1, 2018 through June 30, 2019, and $12.50 from July 1, 2019 through the present. Montgomery County Code, § 27-68.

37. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

38. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

39. At all relevant times, Defendants had employees who handled food products, such as rice, pork, and beef that had been grown or raised outside of Maryland.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

40. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

41. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

42.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

43.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

44.     Defendants' violations of the FLSA were willful.

45.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

46.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

47.     Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

48.     The MWHL requires that employers pay non-exempt employees at least $10.10 per hour from July 1, 2018 through December 31, 2019, and $11.00 per hour from January 1, 2020 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

49.     The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

50.     Defendants violated the MWHL by knowingly failing to pay the required Maryland minimum wage to Plaintiff.

51.     Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

52.     Defendants' violations of the MWHL were willful.

53.     For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

54.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

55.     Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

56.     The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

57.     The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

58.     The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

59.     Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

60.     Defendants' violations MWPCL were willful.

61. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$58,402.25**, and grant the following relief:

    a.    Award Plaintiff $54,902.25, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii.    three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

    b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.    Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $3,100.00);

    d.    Award Plaintiff court costs (currently, $400.00); and

    e.    Award any additional relief the Court deems just.

Date: March 19, 2020          Respectfully submitted,

                /s/ Justin Zelikovitz
                JUSTIN ZELIKOVITZ, #17567
                DCWAGELAW
                519 H Street NW
                Washington, DC 20001
                Phone: (202) 803-6083
                Fax: (202) 683-6102
                justin@dcwagelaw.com

                *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

                /s/ Justin Zelikovitz